ABRAHAM ISRAELOW, PLAINTIFF-APPELLANT, v. MAX KREITZER, DEFENDANT-APPELLEE.

Submitted December 10, 1923—Decided March 3, 1924.

**Fraud—Plaintiff Alleged Contract for Sale of Goods was Made For the Purpose of Obtaining Deposit—Proof That the Defendant Was Ready and Able to Perform But That Plaintiff Failed in His Part.**

On appeal from the District Court of the Second Judicial District of the County of Essex.

Before Justices KALISCH and KATZENBACH.

For the plaintiff-appellant, *Gaetano M. Belfatto.*

For the defendant-appellee, *Irving Siegler.*

PER CURIAM.

This is a plaintiff's appeal from a judgment rendered in favor of the defendant by the District Court of the Second Judicial District of the County of Essex. The action was in tort. The state of demand set forth that the defendant, in order to induce the plaintiff to pay him $200, falsely and

fraudulently entered into a written agreement by which the defendant in consideration of the sum of $1,500 agreed to sell to the plaintiff, on July 30th, 1923, the business, stock in trade, and the good-will of a grocery business conducted by the defendant in premises 307 W. Kinney street, in the city of Newark; that the defendant was also to assign to the plaintiff his interest in an unexpired lease of the store, in which the business was conducted, and was to obtain from the lessor his consent to the assignment; that the defendant failed to sell the plaintiff said goods and assign the lease and obtain the said consent from the lessor, and that the defendant also refused to pay to the plaintiff the $200 which was paid as a deposit. The agreement referred to in the state of demand was executed between the parties on July 26th, 1923. The purchase price was $1,500. The stock was to be free and clear of encumbrances. The agreement provided for the assignment of the lease to the purchaser, but did not provide that the vendor should obtain the consent of the owner to the assignment.

The state of the case was settled by the trial judge, who, after reciting the evidence, found the following facts:

1. That plaintiff, or his attorney, did ask for and receive a list in writing of the names, place of residence or business of defendant's creditors, together with a statement of the amount due each of them, and that defendant did say that there were some adjustments of credits due him on some of the bills which he would take up with his creditors.

2. That defendant did call at Mr. Belfatto's office on the morning of July 30th, and was informed by Belfatto that the deal was off because plaintiff had been unable to get title to the real estate.

3. That after defendant had called on Belfatto, as above recited, that he went to his attorney's office (Mr. Siegler) and that Mr. Siegler talked to Belfatto on the 'phone, and that Belfatto informed him the deal was off for the same reason.

4. That after the call by defendant on Belfatto, neither he nor his client, the plaintiff, endeavored to get in touch

with defendant or his attorney to inform them that the deal was to be consummated.

The trial court also found as a matter of law the following:

1. The plaintiff was in nowise harmed by any variance in amounts of individual bills, as there were alleged credits which would have reduced the bills if allowed, and, if not allowed, he still was not harmed, because he had the necessary information by means of which he could make the inquiry of the creditor and give notice required by "An act to prohibit sale of merchandise, goods and chattels in bulk in fraud of creditors." *Supp. Comp. Stat., p.* 748.

2. That the plaintiff was bound by the acts of his attorney in telling defendant the deal was off and that defendant and his attorney had a right to reply on the information thus given them.

3. That the plaintiff abandoned his contract.

4. That the defendant, after being told by Belfatto the deal was off, and after that statement was confirmed by Belfatto to Siegler, was not bound in law to present an assignment of lease, bill of sale or proof of payment of his creditors.

5. That, both as a matter of law and fact, no fraud or deceit was practiced by defendant in the matter of procuring the execution of the contract or the payment of the deposit money.

The court found the plaintiff had not sustained the burdene of proof, and therefore gave a judgment for the defendant.

Findings of fact are conclusive if there be evidence to support them. *Resky* v. *Meyer,* 119 *Atl. Rep.* 97.

The first reason for reversal is that the evidence shows that the defendant failed to furnish the plaintiff with the list of the names and places of residence or business of his creditors, and the amount due to each of them as required by the act of 1915, chapter 208, page 377.

The state of the case as settled, found as a fact that the plaintiff received this information. This finding precludes the appellant from insisting otherwise.

The second reason for reversal is that on July 30th, 1923, the defendant failed to tender to the plaintiff the bill of sale and the assignment of the lease of said store as required by the agreement. As the court found as a fact that the defendant called at the office of the defendant's attorney (Mr. Belfatto) and was informed that the deal was off, there was no need for the plaintiff to make a tender as it was a useless act, owing to the position taken by the defendant.

The third reason for reversal is that the plaintiff's testimony was corroborated by three witnesses and the defendant's testimony was not corroborated. Upon an appeal from a District Court, this court canont deal with the weight of the testimony.

The fourth reason for reversal is the admission over objection of conversations between the defendant and plaintiff's attorney. The attorney of the plaintiff was the plaintiff's agent. The conversation in question related to the transaction which the plaintiff had engaged the attorney to conduct for him. The attorney had therefore authority to bind his principal by what he said.

The plaintiff having defaulted in performing the covenants of the agreement on his part to be performed, was not entitled to a return of the deposit made at the time of the execution of the agreement.

The judgment is affirmed.